UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEN A. THOMAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SUPERIOR COURT OF CALIFORNIA, IMPERIAL COUNTY,<br><br>　　　　Respondent. | No. 2:17-cv-2408 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

    Petitioner is a state prisoner proceeding pro se. He has filed a document entitled "Petition for Writ of Mandamus, MPA, Affidavit, Judicial Notice and Certified Records ISO." ECF No. 1. He cites the All Writs Act, 28 U.S.C. § 1651 as authority for this filing. Id. Petitioner also seeks leave to proceed in forma pauperis.

    Petitioner states that he is making a "special appearance" on behalf of "the Paul Patrick Jolivette, Estate DBA P.A.J. Trust." ECF No. 1 at 1. He appears to be seeking enforcement of a settlement agreement made on behalf of Mr. Jolivette and "the immediate release of Paul Patrick Jolivette (T-40846) from the California Department of Correction and Rehabilitation." Id. at 2.

    The court notes that although the instant action names a different respondent and includes additional exhibits, it is substantially the same as the currently pending petition in Thomas v. Superior Court of California, County of Solano ("Thomas I"), E.D. Cal. No. 2:17-cv-0638 KJM

1

DB. Petitioner has already been advised in Thomas I that he cannot bring a lawsuit on behalf of another person. In that case, the court has recommended dismissal of the petition based on the following findings:

> Petitioner has no standing to sue on behalf of a third party. In order to have standing to bring a claim in federal court, a petitioner must (1) assert his or her own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question. Estate of McKinney v. United States, 71 F.3d 779, 782 n.4 (9th Cir. 1995); Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir. 1987). Ordinarily a petitioner does not have standing to complain about the deprivations of the constitutional rights of others. Powers v. Ohio, 499 U.S. 400, 410(1991); Estate of McKinney, 71 F.3d at 782 n.4.
>
> Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." Id. (citations omitted).
>
> Petitioner is proceeding pro se and may not proceed with claims brought on behalf of Mr. Jolivette.

Thomas I, ECF No. 6. The same holds true in this action and the undersigned will recommend dismissal on the same grounds. If Mr. Jolivette seeks to enforce a settlement agreement he has entered into, or challenge his conviction, he will either need to do so himself or through a properly licensed attorney. Moreover, if the challenged conviction or conduct occurred in Imperial County, the petition will need to be brought in the United States District Court for the Southern District of California.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

2

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 17, 2017.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE